**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| GEICO ADVANTAGE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID J. WEILERT AND AMBER D. WEILERT,<br><br>    Defendants. | No. 3:22-cv-5997<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br>**(28 USC §2201, 1332, 1391)** |

**COMES NOW**, GEICO Advantage Insurance Company, through its counsel of record, Rory W. Leid, III, of Wathen | Leid | Hall| Rider P.C., and presents the following Complaint for Declaratory Relief.

## I. PARTIES

1.1  Plaintiff, GEICO Advantage Insurance Company (hereinafter "GEICO"), is a foreign insurer licensed to conduct business in the State of Washington with its principal place of business in Maryland. GEICO is incorporated in the State of Maryland. For the purposes of this complaint, GEICO is a citizen of the State of Maryland.

1.2  Defendants, David J. Weilert and Amber D Weilert (hereinafter "Weilerts"), are the policyholders and named insureds on GEICOs, policy no. 6076-39-44-09, at issue in this declaratory action. Based on information and belief the Weilerts reside in Pierce County, Washington. For the purposes of this complaint, the Weilerts are citizens of the State of

Washington.

## II.  JURISDICTION

2.1 This Court has subject matter jurisdiction over this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 because an actual justiciable controversy exists between the parties within this Court's jurisdiction. This action involves a dispute regarding the application of insurance coverage for a claim arising out of a motor vehicle accident that occurred on July 19, 2022.

2.2 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the Underinsured Motorist Coverage limits are as follows:

    2.2.1 $100,000 for each person, and $300,000 for each occurrence. The Weilerts have demanded an aggregated policy demand of $900,000.

2.3 The amount in controversy exceeds $75,000.00, and the action is between citizens of different states.

2.4 This Court has personal jurisdiction over GEICO because it is a corporation that does business in Washington State. The Court has personal jurisdiction over Defendant Weilerts because they reside in Pierce County, Washington. Additionally, all claims arise out of an alleged harm that occurred in the State of Washington.

2.5 Venue is proper pursuant to 28 U.S.C. § 1391(a) because this lawsuit and events in this complaint took place in Pierce County, Washington, which is within the judicial district of the United States District Court for the Western District of Washington.

2.6 Intradistrict Assignment – Pursuant to LCR 3(e), the claim arose in the County of Pierce, Washington. As such, this suit should be assigned to the Tacoma Division.

## III.  STATEMENT OF FACTS

**Background**

3.1 On or about January 26, 2022, GEICO entered into an insurance contract, policy no.: 6076-39-44-09, with the policyholders, the Weilerts, for automobile insurance.

3.2	The coverage period for the Policy spans March 1, 2022, through September 1, 2022. The Weilerts are the named insureds on the Policy. The Policy listed the following as the insureds' address: 417 138th St. E Tacoma, WA 98445-1308. Four vehicles are listed on the policy: a 2006 Ford F-350, a 2018 Ford F-150, a 2020 Hyundai Elantra, and a 2020 Cruiser RV Funfdr27bh. All vehicles except the 2020 cruiser carried Underinsured Motorist Benefits.

3.3	The policy was issued in the State of Washington where the Weilerts resided at the time of issuance. The policy provides Underinsured Motorist Benefits for bodily injury with policy limits of $100,000 per person and $300,000 per occurrence.

3.4	At the time the policy was entered into, the Weilerts' household consisted of the following people: David J. Weilert, Amber D. Weilert, Kacee Weilert, Ethan Weilert, Michael Weilert, Ryan Weilert, and Robert Weilert.

3.5	The Policy issued by GEICO provides automobile insurance coverage pursuant to its terms and conditions, and not otherwise

3.6	The Policy issued by GEICO explicitly prohibits stacking of the underinsured motorist coverage.

**July 19, 2022, Accident**

3.7	On July 19, 2022, Michael Weilert was crossing the street on his bike in a marked crosswalk when he was struck by a vehicle owned and operated by Rebeca Magdaleno. Michael Weilert was killed as a result of this accident.

### IV. COVERAGE ISSUES

4.1	There is an actual and justiciable controversy as to GEICO's obligations under the policy.

4.2	The issue to be determined in this declaratory judgment action is whether GEICO is required to aggregate each claim per vehicle thereby allowing UIM stacking.

4.3	It is the position of GEICO that there is Coverage for the July 19, 2022, accident; however, because the policy prohibits UIM stacking, the maximum amount recoverable by the

Weilerts is $300,000.

4.4    There is relevant statutory and case law entitling GEICO to prohibit UIM stacking. *See Mutual of Enumclaw v. Grimstaad-Hardy*, 71 Wn. App. 226 (1993); *Doyle v. State Farm Mut. Auto. Ins.,* 61 Wn. App. 640 (1991); F*ederated American v. Erickson*, 67 Wn. App. 670 (1992); and *Anderson v. American Economy Ins.*, 43 Wn. App. 852 (1986).

4.5    GEICO reserves the right to identify additional provisions of the policy of insurance that may affect its rights and obligations as it relates to the subject claim.

## V.   REQUEST FOR DECLARATORY RELIEF

5.1    An actual and justiciable controversy exists as to the coverage issues set forth above.

5.2    GEICO requests that the Court grant declaratory relief in favor of GEICO as to the coverage issues above.  GEICO is entitled to relief consisting of, but not limited to, a declaration that the insurance policy prohibits UIM stacking.

## VI.   PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff GEICO requests this Court to grant the following relief:

6.1    A declaration of the rights and obligations of the parties hereto under the policy of insurance issued by GEICO.

6.2    A declaration that GEICO is entitled to prohibit UIM stacking under the insurance policy issued by GEICO.

6.3    For such other relief as the Court deems just and equitable.

DATED this 22nd day of December, 2022.

**COMPLAINT FOR DECLARATORY RELIEF** - 4

WATHEN | LEID | HALL, RIDER P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109-6243
(206) 622-0494/FAX (206) 587-2476

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**WATHEN | LEID | HALL| RIDER P.C.**

*s/ Rory W. Leid, III*
Rory W. Leid, III, WSBA #25075
*Attorney for Plaintiff GEICO*
222 Etruria Street
Seattle, WA 98109-6243
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com