

**Tel:** 1-800-841-3000

# Declarations Page

This is a description of your coverage.
Please retain for your records.

**GEICO Advantage Insurance Company**
P.O. Box 509090
San Diego, CA 92150-9090

## Policy Number: 6076-39-44-09
## Coverage Period:
03-01-22 through 09-01-22
12:01 a.m. local time at the address of the named insured.

Date Issued: January 26, 2022

DAVID J WEILERT AND AMBER D
 WEILERT
417 138TH ST E
TACOMA WA  98445-1308

Email Address: davidweilert123@gmail.com

| **Named Insured** | **Additional Drivers** |
|---|---|
| David Jeffery Joseph Weilert<br>Amber Dawn Weilert | None |

| **Vehicles** | **VIN** | **Vehicle Location** | **Finance Company/Lienholder** |
|---|---|---|---|
| 1 2006 Ford F-350 | 1FTWW31P06ED32845 | TACOMA WA 98445-1308 | |
| 2 2018 Ford F-150 | 1FTFW1E57JKC85532 | TACOMA WA 98445-1308 | |
| 3 2020 Hyundai Elantra | 5NPD84LF8LH537224 | TACOMA WA 98445-1308 | Hyundai Motor Finance |
| 4 2020 Cruiser Rv Funfdr27bh | 5RXAB3328L1416886 | TACOMA WA 98445-1308 | |

| **Coverages*** | **Limits and/or Deductibles** | **Vehicle 1** | **Vehicle 2** | **Vehicle 3** | **Vehicle 4** |
|---|---|---|---|---|---|
| Bodily Injury Liability<br>  Each Person/Each Occurrence | $100,000/$300,000 | $134.66 | $150.32 | $137.30 | - |
| Property Damage Liability | $100,000 | $108.45 | $98.47 | $66.99 | - |
| Personal Injury Protection | Insured Rejects | - | - | - | - |
| RV Medical | $1,000 | - | - | - | $6.36 |
| Emergency Expense | $1,000 | - | - | - | $0.00 |
| Replacement Cost Personal Effects | $5,000 | - | - | - | $13.94 |
| Vacation Liability Coverage | $10,000 | - | - | - | $0.00 |

T-K
DEC_PAGE (03-14)  (Page 1 of 4)

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 |
|---|---|---|---|---|---|
| Underinsured Motorist Each Person/Each Occurrence | $100,000/$300,000 | $88.90 | $88.90 | $84.46 | - |
| Underinsured Motorist Property Damage | $50,000 | $31.09 | $31.09 | $29.53 | - |
| Comprehensive (Excluding Collision) | $500 Ded | $50.80 | $74.31 | $32.13 | $44.87 |
| Collision | $500 Ded | $103.56 | $220.80 | $167.43 | $112.48 |
| Emergency Road Service | Full | $9.17 | - | - | $5.76 |
| Rental Reimbursement | $35 Per Day $1,050 Max | $11.98 | $11.98 | $11.98 | - |
| **Six Month Premium Per Vehicle** | | **$538.61** | **$675.87** | **$529.82** | **$183.41** |
| **Total Six Month Premium** | | | | | **$1,927.71** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

## Discounts

| The total value of your discounts is | **$856.65** |
|---|---|
| Anti-Lock Brake | $20.50 |
| Good Driver | $181.83 |
| Multi-Vehicle Discount | $620.94 |
| Anti-Theft | $3.29 |
| New Vehicle Discount | $12.60 |
| RV and Other Vehicle Types | $17.49 |

**The following discounts have also been applied**

| Driving Experience | Included |
|---|---|

**Contract Type:**   A30WA

**Contract Amendments:**  ALL VEHICLES - A30WA A54WA SIGPGCW

**Unit Endorsements:**   UE77(VEH 3); A115S(VEH 1,4); A431WA(VEH 1,2,3); A438WA(VEH 4)

---

### Important Policy Information

- Please review the front and/or back of this page for your coverage and discount information.

---

**Important Policy Information**

- Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA, however, in Virginia coverage is limited for custom furnishings or equipment on pick-up trucks and vans but you may purchase coverage for this equipment. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

- We welcome you to our GEICO family in the Auto Voluntary B10 rate program.

- Confirmation of coverage has been sent to your lienholder and/or additional insured.

- Claims incurred while an insured vehicle is being used to carry passengers for hire may not be covered by this contract. Please review the contract for a full list of exclusions and contact us if you plan to use any of your insured vehicles for this purpose.



**Telephone: 1-800-841-3000**

# Washington Family Automobile Insurance Policy

# YOUR POLICY INDEX

## SECTION I - LIABILITY COVERAGES

### Your Protection Against Claims From Others

Definition of Terms    3
Losses We Will Pay For You    4
Additional Payments We Will Make for You    4
     Legal Expenses and Court Costs
     Bail and Appeal Bonds
     First Aid Expenses
Exclusions: When These Coverages Do Not Apply    5
Persons Insured: Who Is Covered    6
Financial Responsibility Laws    6
Out of State Insurance    6
Limits of Our Liability For a Loss    6
Other Insurance    7
Conditions    7
     Notice:  Reporting Your Loss If Suit is
       Brought Against You
     Two or More Automobiles Insured Under
       This Policy
     Your Assistance and Cooperation
     Action Against Us
     Subrogation

## SECTION II - AUTOMOBILE MEDICAL PAYMENTS COVERAGE

### Protection For You and Your Passengers for Medical Expenses

Definition of Terms    8
Payments We Will Make To Whom and When
This Coverage Applies    8
Exclusions: When This Coverage Does Not Apply    8
Limits of Our Liability For a Loss    9
Other Insurance    9
Conditions    9
     Notice:  Reporting Your Loss
     Two or More Automobiles Insured Under This Policy
     Action Against Us Medical Reports Subrogation

## SECTION III - PHYSICAL DAMAGE COVERAGES

### Your Protection for Loss of or Damage to Your Car

Definition of Terms    10
Comprehensive Coverage    11
Collision Coverage    11
Additional Payments We Will Make for You    11
Exclusions: When These Coverages Do Not Apply    12
Limits of Our Liability For a Loss    13
Other Insurance    13
Conditions    13
     Notice: Reporting Your Loss
     Two or More Automobiles Insured Under
       This Policy

     Your Assistance and Cooperation
Action Against Us
Your Duties in Event of Loss
Appraisal of Amount of Loss
Payment of Loss
No Benefit to Bailee
Subrogation

## SECTION IV - UNDERINSURED MOTORISTS COVERAGE

### Your Protection for Injuries Caused by Underinsured and Hit and Run Motorists

Definition of Terms    14
Losses We Pay    15
Exclusions: When These Coverages Do Not Apply    15
Limits of Our Liability For a Loss    16
Other Insurance    17
Trust Agreement:  Our Right of Recovery    17
Conditions    17
     Notice:  Reporting Your Loss
     Additional Duties
     Your Assistance and Cooperation
     Action Against Us
     Proof of Claim - Medical Reports
     Who Receives "Payment of Losses"

## SECTION V - GENERAL CONDITIONS

### The Following Apply to All Coverages in This Policy

Territory    18
Premium:  How Adjustments Are Made    18
Changes to Your Policy    18
Assignment of Your Interest in This Policy to
Others    19
Cancellation of the Policy:    19
     By You
     By Us
     By Us Is Limited
Renewal of Your Policy    19
Other Insurance    19
Dividend Provisions    19
Declarations:  Your Agreements    20
Fraud and Misrepresentation    20
Examination Under Oath.    20
State Statutes:  Conformity With Statutes    20
Disposal of Vehicle    20
Policy Period    20
Choice of Law    20

## SECTION VI - AMENDMENTS AND ENDORSEMENTS

Special Endorsement - United States
Government Employees    20

A30WA (01-20)

Whenever, "he," "his," "him," or "himself" appears in this policy, you may read "her," "she," "hers," or "herself."

**AGREEMENT**

We, the Company named in the declarations attached to this policy, make  this agreement with *you*, the policyholder. Relying on the information  *you* have furnished and the declarations attached to this policy and if  *you* pay *your* premium when due, we will do the following:

**SECTION I**
**Liability Coverages**
**Your Protection Against Claims From Others**
**Bodily Injury Liability and Property Damage Liability**

**DEFINITIONS**

The words italicized in Section I of this policy are defined below.

1. ***Auto business*** means the business of selling, repairing, renting, leasing, brokering, servicing, storing, transporting or parking of autos.
2. ***Bodily injury*** means bodily injury to a person, including resulting sickness, disease, or death.
3. ***Farm auto*** means a truck type vehicle with a gross vehicle weight of 15,000 pounds or less, not used for commercial purposes other than farming.
4. ***Insured*** means a person or organization described under " **PERSONS INSURED** ".
5. ***Non-owned auto*** means a ***private passenger auto, farm auto, utility auto*** or ***trailer*** not owned by or furnished for the regular use of either *you* or *your relatives*, other than a ***temporary substitute auto***. **You** or *your relative* must be using the ***non-owned auto*** or ***trailer*** within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

   A ***non-owned auto*** does not include:
   (a) any motor vehicle rented or leased by *you* or a *relative* for the purpose of providing ***ride-sharing*** services. A motor vehicle is considered to have been rented or leased for the purpose of providing  ***ride-sharing*** services, whether actually used for ***ride-sharing*** or not, if the rental or lease agreement specifically  allows the motor vehicle to be used for ***ride-sharing*** with a ***transportation network company***; or
   (b) any motor vehicle rented or leased by *you* or a *relative* which is registered for use for ***ride-sharing*** with a ***transportation network company***; or
   (c) any motor vehicle rented or leased by *you* or a *relative* which is approved for use for ***ride-sharing*** by a ***transportation network company***; or
   (d) any motor vehicle rented or leased by *you* or a *relative* which displays an interior or exterior marking that identifies the motor vehicle as a vehicle for hire.
6. ***Owned auto*** means:
   (a) A vehicle described in this policy for which a premium charge is shown for these coverages;
   (b) A ***Trailer*** owned by *you*;
   (c) A ***Private passenger auto***, ***farm auto*** or ***utility auto***, ownership of which *you* acquire during the policy period or for which you enter into a lease during the policy period for a term of six months or more, if:
      (i) It replaces an ***owned auto*** as defined in (a) above; or
      (ii) We insure all ***private passenger autos***, ***farm autos*** and ***utility autos*** owned by you on the date of the acquisition; and you ask us to add it to the policy no more than 30 days later;
   (d) ***Temporary substitute auto***.
7. ***Personal vehicle sharing program*** means any legal entity qualified to do business in any state that is engaged in the business of facilitating the sharing of private passenger motor vehicles for non-commercial use by individuals.
8. ***Personal vehicle sharing*** means the operation and use of a private passenger motor vehicle, by persons other than the vehicle's registered owner in connection with any ***personal vehicle sharing program***.
9. ***Private passenger auto*** means a four-wheel private passenger, station wagon, or jeep-type auto.
10. ***Relative*** means a person related to *you* who resides in *your* household. This includes *your* ward or foster child.
11. ***Ride-sharing*** means the use of any vehicle by any *insured* in connection with a ***transportation network company*** from the time an *insured* logs on to or signs in to any computer or digital application or platform that connects or matches driver(s) with passenger(s) until the time an *insured* logs out of or signs off of any such application or platform, including while en route to pick up passenger(s) and while transporting passenger(s).
12. ***Temporary substitute auto*** means a ***private passenger auto***, ***farm auto*** or ***utility auto*** or ***trailer***, not owned by *you* or *your relative*, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the ***owned auto*** or ***trailer*** when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

This vehicle will no longer qualify as a *temporary substitute auto*:

    (a) Five (5) days after the *owned auto* is deemed by us to be a total loss; and

    (b) We pay the applicable limit of liability under Section III.

A *temporary substitute auto* does not include:

    (a) any motor vehicle rented or leased by *you* or a *relative* for the purpose of providing *ride-sharing* services. A motor vehicle is considered to have been rented or leased for the purpose of providing *ride-sharing* services, whether actually used for *ride-sharing* or not, if the rental or lease agreement specifically allows the motor vehicle to be used for *ride-sharing* with a *transportation network company*; or

    (b) any motor vehicle rented or leased by *you* or a *relative* which is registered for use for *ride-sharing* with a *transportation network company*; or

    (c) any motor vehicle rented or leased by *you* or a *relative* which is approved for use for *ride-sharing* by a *transportation network company*; or

    (d) any motor vehicle rented or leased by *you* or a *relative* which displays an interior or exterior marking that identifies the motor vehicle as a vehicle for hire.

13. *Trailer* means a trailer designed to be towed by a *private passenger auto*, if not being used for business or commercial purposes with a vehicle other than a *private passenger auto*, *farm auto* or *utility auto*.

14. *Transportation network company* means a company or organization facilitating and/or providing transportation services using a computer or digital application or platform to connect or match passengers with drivers for compensation or a fee.

15. *Utility auto* means a vehicle, other than a *farm auto*, with a gross vehicle weight of 15,000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

16. *War* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion, or revolution.

17. *You* and *your* means the named insured shown in the declarations or his or her spouse or registered domestic partner if a resident of the same household. As used throughout this Policy, spouse includes a registered domestic partner or partner of a substantially similar same sex union formed in another state.

**LOSSES WE WILL PAY FOR YOU**

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

1. *Bodily injury* sustained by a person, and

2. Damage to or destruction of property.

    The *bodily injury* or damage or destruction to property must arise out of the:

    (a) Ownership;

    (b) Maintenance; or

    (c) Use

    of the *owned auto* or a *non-owned auto*.

    We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES**

1. All investigative and legal costs incurred by us.

2. All court costs charged to an *insured* in a covered lawsuit.

3. Interest calculated on that part of a judgment that is within our limit of liability and accruing:

    (a) Before the judgment, where owed by law, and until we pay, offer to pay, or deposit in court the amount due under this coverage;

    (b) After the judgment, and until we pay, offer to pay, or deposit in court, the amount due under this coverage.

4. Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of our liability.

5. Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the use of an *owned auto* or *non-owned auto*, not to exceed $250 per bail bond.

6. We will upon request by an *insured*, provide reimbursement for the following items:

    (a) Reasonable costs, up to $500, incurred when that *insured* provides and renders first aid to others at the time of an accident involving an *owned auto* or *non-owned auto*.

    (b) Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

    (c) All reasonable costs incurred by an *insured* at our request.

## EXCLUSIONS

### When Section I Does Not Apply

Section I does not apply to any claim or suit for damage if one or more of the exclusions listed below applies.

1. Section I does not apply, in excess of the minimum financial responsibility limits, to any vehicle used to carry goods for hire. This includes while en route to pick up goods, while transporting goods and until the time all delivery services are concluded.
2. *Bodily injury* or property damage caused intentionally by or at the direction of an *insured* is not covered.
3. We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy.
4. *Bodily injury* or property damage arising from the operation of farm machinery is not covered.
5. *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured* is not covered.
   However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' compensation law.
6. We do not cover *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course of employment and if workers' compensation or other similar coverage is available. We will defend *you* if a suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by *you*.
7. We do not cover an *owned auto* while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the *auto business*.
8. A *non-owned auto* while maintained or used by any person is not covered while such person is employed or otherwise engaged in 1) any *auto business*; 2) any other business or occupation of any *insured*, except a *private passenger auto* used by *you* or *your* chauffeur or domestic servant while engaged in such other business. However, coverage does apply to a *non-owned private passenger auto* used by *you, your* chauffeur or a domestic servant, while engaged in the business of an *insured*.
9. We do not cover damage to:
   (a) Property owned, operated, transported or used by an *insured*; or
   (b) Property rented to or in charge of an *insured* other than a residence or private garage.
10. We do not cover an auto acquired by *you* during the policy term, if *you* have purchased other automobile liability insurance for it.
11. We do not cover:
    (a) The United States of America or any of its Agencies;
    (b) Any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act.
12. *Bodily injury* or property damage that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.
13. *Bodily injury* or property damage that results from bio-chemical attack or exposure to bio-chemical agents is not covered.
14. We do not cover bodily injury or property damage that results from the operation of a *non-owned auto* or *temporary substitute auto* that is designed for use principally off public roads that is not registered for use on public roads.
15. We do not cover liability assumed under any contract or agreement.
16. Section I does not apply to:
    (a) *bodily injury* or property damage caused by an auto driven in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged or organized; or
    (b) the operation or use of a motor vehicle on a track designed primarily for racing or high speed driving. This does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving or any competitive driving.
17. Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.
18. Section I does not apply to *bodily injury* or property damage arising out of the ownership, maintenance, or use of an *owned auto* or *non-owned auto* while being used:
    (a) to carry persons for compensation or a fee; or
    (b) for *ride-sharing*.
    However, this exclusion does not apply to ordinary car pools. An ordinary car pool is one where:
    (i) An *insured* receives no payment for using a vehicle for a car pool ride; or
    (ii) An *insured* receives only reimbursement for expenses for using a vehicle for a car pool ride, the reimbursement an *insured* receives for providing the car pool ride does not exceed the reasonable cost of gas and depreciation for the distance traveled, and the reimbursement received by an *insured* is not required to be reported for income tax purposes.

19. There is no coverage under this Section for any person or organization while an **owned auto** is operated, maintained or used as part of any **personal vehicle sharing** facilitated by any **personal vehicle sharing program**. When a **temporary substitute auto** is operated by **you**, a **relative**, or any other person with **your** permission, this exclusion does not apply. The actual use of the **temporary substitute auto** must be within the scope of that permission.

20. Section I does not apply to any motor vehicle, or series of motor vehicles, leased by **you** or a **relative** for less than six months unless the motor vehicle is described, and a premium charge is shown for the vehicle for this coverage, in the declarations of this policy.

21. Section I does not apply to any motor vehicle, or series of vehicles, regularly rented by **you** or a **relative** on a daily, weekly or monthly basis unless the vehicle is described, and a premium charge is shown for the motor vehicle for this coverage, in the declarations of this policy.

22. There is no coverage for **bodily injury** or property damage sustained by an **insured** while operating or **occupying** a motorcycle or a motor-driven cycle which is not insured under the Liability Coverages of this policy.

**PERSONS INSURED**

**Who Is Covered**

Section I applies to the following as **insureds** with regard to an **owned auto**:

1. **You** and **your relatives**;

2. Any other person using the auto with **your** permission. The actual use must be within the scope of that permission;

3. Any other person or organization for his or its liability because of acts or omissions of an **insured** under 1. or 2. above.

Section I applies to the following with regard to a **non-owned auto**:

1. (a) **You**;

   (b) **Your relatives** when using a **private passenger auto**, **utility auto**, or **farm auto**, or **trailer**.
   
   Such use by **you** or **your relatives** must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission;

2. A person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an **insured** under 1. above.

The limits of liability stated in the declarations are our maximum obligations regardless of the number of **insureds** involved in the occurrence.

**FINANCIAL RESPONSIBILITY LAWS**

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The **insured** agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

**OUT OF STATE INSURANCE**

When the policy applies to the operation of a motor vehicle outside of **your** state, we agree to increase **your** coverages to the extent required of out-of state motorists by local law. This additional coverage will be reduced to the extent that **you** are protected by another insurance policy. No person can be paid more than once for any item of loss.

**LIMITS OF LIABILITY**

Regardless of the number of autos or **trailers** to which this policy applies:

1. The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one person as the result of one occurrence.

2. The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one occurrence.

3. The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

4. For accidents which occur in Alaska, all court costs charged to an **insured** in a covered lawsuit, including attorney fee payments shall not exceed the amount that could be awarded in accordance with the percentage schedule contested cases as specified in Alaska Rule of Civil Procedure 82(b) (1) in a case in which a judgment equal to the liability policy limit or limits applicable to the loss rendered.

   If a judgment is rendered against **you** in excess of **your** liability policy limits, you will be responsible for attorney fees awarded in accordance with Alaska Rule of Civil Procure 82(b) (1) which exceed that which would be allowable under the schedule for contested cases if the judgment rendered was within **your** policy limit.

**OTHER INSURANCE**

If there is other applicable primary liability insurance available for the ***insured***, we will pay only our share of the damages. Our share of the damages is the proportion that our limit of liability bears to the total of all primary liability insurance available for the ***insured***.

Any insurance we provide for a ***non-owned auto*** shall be excess over any other applicable liability insurance available for the ***insured***. If the ***insured*** has other applicable excess liability insurance that applies to the ***non-owned auto***, we will pay only our share of the damages. Our share of the damages is the proportion that our limit of liability bears to the total of all applicable excess liability insurance available for the ***insured***.

**CONDITIONS**

The following conditions apply to Section I:

1. NOTICE

   As soon as possible after an occurrence written notice must be given to us or our authorized agent stating:

   (a) The identity of the ***insured***;

   (b) The time, place and details of the occurrence;

   (c) The names and addresses of the injured, and of any witnesses; and

   (d) The names of the owners and the description and location of any damaged property.

   If a claim or suit is brought against an ***insured***, he must promptly send us each demand, notice, summons or other process received.

2. TWO OR MORE AUTOS

   When this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached ***trailer*** are considered to be one auto.

3. ASSISTANCE AND COOPERATION OF THE INSURED

   The ***insured*** will cooperate and assist us, if requested:

   (a) In the investigation of the occurrence;

   (b) In making settlements;

   (c) In the conduct of suits;

   (d) In enforcing any right of contribution or indemnity against any legally responsible person or organization because of ***bodily injury*** or property damage;

   (e) At trials and hearings;

   (f) In securing and giving evidence; and

   (g) By obtaining the attendance of witnesses.

   Only at his own cost will the ***insured*** make a payment, assume any obligation, or incur any cost other than for first aid to others.

4. ACTION AGAINST US

   We cannot be sued:

   (a) Unless the ***insured*** has fully complied with all the policy's terms and conditions, and

   (b) Until the amount of the ***insured's*** obligation to pay has been finally determined, either

       (i) By a final judgment against the ***insured*** after actual trial; or

       (ii) By written agreement of the ***insured***, the claimant and us.

   A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

   No person or organization, including the ***insured***, has a right under this policy to make us a defendant in an action to determine the ***insured's*** liability.

   Bankruptcy or insolvency of the ***insured*** or his estate will not relieve us of our obligations.

5. SUBROGATION

   When payment is made under this policy, we will be subrogated to all the ***insured's*** rights of recovery against others. After the ***insured*** has been fully compensated for his loss, we will have the right to recover up to the amount of our payment from the remaining proceeds of the settlement or judgment.

   This means we have the right to sue for or otherwise recover the loss from anyone else who may be held responsible. The ***insured*** will do nothing after loss to prejudice these rights.

**SECTION II**
**Auto Medical Payments Coverage**
**Protection For You and Your Passengers For Medical Payments**

**DEFINITIONS**

The definitions of terms shown under Section I apply to this coverage. In addition, under this coverage, *occupying* means in or upon or entering into or alighting from.

**PAYMENTS WE WILL MAKE**

Under this coverage, we will pay all reasonable expenses for necessary:

    (a)  Medical;

    (b)  Surgical;

    (c)  X-ray;

    (d)  Dental services;

    (e)  Prosthetic devices;

    (f)  Ambulance;

    (g)  Hospital;

    (h)  Professional nursing; and

    (i)  Funeral services

actually incurred by an *insured* within three years from the date of the accident.

This coverage applies to:

1.  *You* and each *relative* who sustains *bodily injury* caused by accident:

    (a)  While *occupying* the *owned auto*; or

    (b)  While *occupying* a *non-owned auto* if *you* or *your relative* reasonably believe *you* have the owner's permission to use the auto and the use is within the scope of that permission; or

    (c)  When struck as a pedestrian by an auto or *trailer*.

2.  Any other person who sustains *bodily injury* caused by accident while *occupying* the *owned auto* while being used by *you*, a resident of *your* household, or other persons with *your* permission.

**EXCLUSIONS**

**When Section II Does Not Apply**

1.  There is no coverage for *bodily injury* arising out of the ownership, maintenance, or use of an *owned auto* or *non-owned auto* while being used:

    (a)  to carry passengers or property for compensation or a fee; including but not limited to the delivery of food or any other products; or.

    (b)  for *ride-sharing*.

    However, this exclusion will not apply to ordinary car pools. An ordinary car pool is one where:

        (i)  An *insured* receives no payment for using a vehicle for a car pool ride; or

        (ii)  An *insured* receives only reimbursement for expenses for using a vehicle for a car pool ride, the reimbursement an *insured* receives for providing the car pool ride does not exceed the reasonable cost of gas and depreciation for the distance traveled, and the reimbursement received by an *insured* is not required to be reported for income tax purposes.

    This exclusion does not apply to *you* or any *relative* while a passenger and not operating the motor vehicle.

2.  There is no coverage for an *insured* while *occupying* a vehicle located for use as a residence or premises.

3.  *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:

    (a)  A farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads; or

    (b)  A vehicle operated on rails or crawler-treads.

4.  There is no coverage for persons employed in the *auto business*, if the accident arises out of that business and if benefits are required to be provided under a workers' compensation law.

5.  There is no coverage for *bodily injury* sustained due to *war.*

6.  The United States of America or any of its Agencies are not covered as an *insured,* a third party beneficiary, or otherwise.

7.  There is no coverage for *bodily injury* that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

8.  There is no coverage for *bodily injury* that results from bio-chemical attack or exposure to bio-chemical agents.

9. Section II does not apply to:

    (a) **bodily injury** caused by an auto driven in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

    (b) the operation or use of a motor vehicle on a track designed primarily for racing or high speed driving. This does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving or any competitive driving.

10. There is no coverage under this section for any person or organization while an **owned auto** is operated, maintained or used as part of any **personal vehicle sharing** facilitated by any **personal vehicle sharing program**.

    When a **temporary substitute auto** is operated by **you**, a **relative**, or any other person with **your** permission, this exclusion does not apply. The actual use of the **temporary substitute auto** must be within the scope of that permission.

11. There is no coverage for **bodily injury** sustained by any **insured** while operating, **occupying**, or when struck as a pedestrian by any vehicle leased by **you** or a **relative** for less than six months unless the vehicle is described, and a premium charge is shown for the vehicle for this coverage, in the declarations of this policy.

12. There is no coverage for **bodily injury** sustained by any **insured** while operating, **occupying**, or when struck as a pedestrian by any vehicle regularly rented by **you** or a **relative** on a daily, weekly or monthly basis unless the vehicle is described, and a premium charge is shown for the vehicle for this coverage, in the declarations of this policy.

## LIMITS OF LIABILITY

The limit of liability for medical payments stated in the declarations as applying to "each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains **bodily injury** in one accident. This applies regardless of the number of persons insured or the number of autos or **trailers** to which this policy applies.

## OTHER INSURANCE

If the **insured** has other medical payments insurance against a loss covered by Section II of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide to a person who sustains **bodily injury** while **occupying** a vehicle **you** do not own shall be excess over any other valid and collectible insurance

## CONDITIONS

The following conditions apply to this coverage:

1. NOTICE

    As soon as possible after an accident, written notice must be given us or our authorized agent stating:

    (a) The identity of the **insured**;

    (b) The time, place and details of the accident; and

    (c) The names and addresses of the injured, and of any witnesses.

2. TWO OR MORE AUTOS

    If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached **trailer** are considered to be one auto.

3. ACTION AGAINST US

    We cannot be sued unless the **insured** has fully complied with all the policy terms.

4. MEDICAL REPORTS-PROOF AND PAYMENT OF CLAIMS

    As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records.

    The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

    We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the **insured**.

5. SUBROGATION

    When we make a payment under this coverage we will have the right to bring suit or other action against any person or organization legally liable for the **bodily injury** to recover our payment. After the **insured** has been fully compensated for his loss, we will have the right to recover up to the amount of our payment from the remaining proceeds of the settlement or judgment.

**SECTION III**
**Physical Damage Coverages**
**Your Protection For Loss or Damage To Your Car**

## DEFINITIONS

The definitions of the terms *auto business*, *farm auto*, *private passenger auto*, *relative*, *ride-sharing*, *temporary substitute auto*, *transportation network company*, *personal vehicle sharing*, *personal vehicle sharing program*, *utility auto*, *you*, *yours*, and *war* under Section I apply to Section III also.

Under this Section, the following special definitions apply:

1. *Collision* means *loss* caused by upset of the covered auto or its collision with another object, including an attached vehicle.

   *Losses* caused by the following are comprehensive *losses*:

   | | |
   |---|---|
   | (a) Missiles; | (j) Hail; |
   | (b) Falling objects; | (k) Water; |
   | (c) Fire; | (l) Flood; |
   | (d) Lightning; | (m) Malicious mischief; |
   | (e) Theft; | (n) Vandalism; |
   | (f) Larceny; | (o) Riot; |
   | (g) Explosion; | (p) Civil commotion; or |
   | (h) Earthquake; | (q) Colliding with a bird or animal. |
   | (i) Windstorm; | |

2. *Criminal conduct* means:

   (a) The commission of an offense punishable by imprisonment for more than one year; or

   (b) The operation or use of a motor vehicle with the specific intent of causing injury or damage; or

   (c) The operation or use of a motor vehicle as a converter without good faith belief by the operator or user that the operator or user is legally entitled to operate or use the vehicle.

3. *Insured* means:

   (a) Regarding the *owned auto*:

      (i) *You* and *your relatives*;

      (ii) A person or organization maintaining, using, or having custody of the auto with *your* permission, if his use is within the scope of that permission.

   (b) Regarding a *non-owned auto*; *you* and *your relatives*, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

4. *Loss* means direct and accidental loss of or damage to:

   (a) The auto, including its equipment; or

   (b) Other insured property.

5. *Non-owned auto* means a *private passenger auto, farm auto,* or *utility auto* or *trailer* not owned by or furnished for the regular use of either *you* or *your relatives*, except a *temporary substitute auto*. *You* or *your relative* must be using the auto or *trailer* within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

   A *non-owned auto* does not include:

   (a) any motor vehicle rented or leased by *you* or a *relative* for the purpose of providing *ride-sharing* services. A motor vehicle is considered to have been rented or leased for the purpose of providing *ride-sharing* services, whether actually used for *ride-sharing* or not, if the rental or lease agreement specifically allows the motor vehicle to be used for *ride-sharing* with a *transportation network company*; or

   (b) any motor vehicle rented or leased by *you* or a *relative* which is registered for use for *ride-sharing* with a *transportation network company*; or

   (c) any motor vehicle rented or leased by *you* or a *relative* which is approved for use for *ride-sharing* by a *transportation network company*; or

   (d) any motor vehicle rented or leased by *you* or a *relative* which displays an interior or exterior marking that identifies the motor vehicle as a vehicle for hire.

6.  **Owned auto** means:
    (a)  Any vehicle described in this policy for which a specific premium charge indicates there is coverage;
    (b)  A **private passenger auto**, **farm auto** or **utility auto** or a **trailer**, ownership of which is acquired by **you** during the policy period or for which **you** enter into a lease during the policy period for a term of six months or more; if
        (i)   It replaces an **owned auto** as described in (a) above, or
        (ii)  We insure all **private passenger auto**, **farm auto**, **utility autos** and **trailers** owned or leased by **you** on the date of such acquisition and **you** request us to add it to the policy within 30 days afterward;
    (c)  A **temporary substitute auto**.
7.  **Trailer** means a trailer designed to be towed by a **private passenger auto** and not used as a home, residence, office, store, display or passenger trailer. **Trailer** does not mean a trailer with built-in sleeping facilities designed for recreational or camping use.
8.  **Actual cash value** is the fair market value of the auto or property prior to the loss.
9.  **Depreciation** means a decrease or **loss** in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness, or other causes.
10. **Betterment** is improvement of the auto or property to a value greater than its pre-loss condition.
11. **Custom parts or equipment** means paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which;
    (a)  Are permanently installed or attached; or
    (b)  Alter the appearance or performance of a vehicle.
    This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the owned auto or a newly acquired vehicle using bolts or brackets, including slide-out-brackets.

## LOSSES WE WILL PAY FOR YOU

### Comprehensive (Excluding Collision)

1.  We will pay for each **loss**, less the applicable deductible, caused other than by **collision** to the **owned auto** or **non-owned auto**. This includes glass breakage.
    At the option of the **insured**, breakage of glass caused by **collision** may be paid under the collision coverage, if included in the policy.
2.  **Losses** arising out of a single occurrence shall be subject to no more than one deductible.

### Collision

1.  We will pay for **collision loss** to the **owned auto** or **non-owned auto** for the amount of each **loss** less the applicable deductible.
2.  **Losses** arising out of a single occurrence shall be subject to no more than one deductible.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

1.  We will reimburse the **insured** for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by comprehensive coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the **loss**.
    Reimbursement will not exceed $25.00 per day nor $750.00 per **loss**.

**EXCLUSIONS**

**When the Physical Damage Coverages Do Not Apply**

1. There is no coverage for an auto:
   (a) used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products; or
   (b) while being used for **ride-sharing**.
   However, a vehicle used in an ordinary car pool is covered. An ordinary car pool is one where:
      (i) An **insured** receives no payment for using a vehicle for a car pool ride; or
      (ii) An **insured** receives only reimbursement for expenses for using a vehicle for a car pool ride, the reimbursement an **insured** receives for providing the car pool ride does not exceed the reasonable cost of gas and depreciation for the distance traveled, and the reimbursement received by an **insured** is not required to be reported for income tax purposes.
2. **Loss** due to **war** is not covered.
3. We do not cover **loss** to a **non-owned auto** when used by the **insured** in the **auto business**.
4. There is no coverage for **loss** caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.
5. Tires, when they alone are damaged by **collision**, are not covered.
6. **Loss** due to radioactivity is not covered.
7. **Loss** to any tape, wire, record disc, or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.
8. We do not cover **loss** to any radar or laser detector.
9. We do not cover **trailers** when used for business or commercial purposes with vehicles other than **private passenger autos**, **farm autos** or **utility autos**.
10. There is no coverage for **loss** that results from nuclear exposure or explosion including resulting fire, radiation or contamination.
11. There is no coverage for **loss** that results from bio-chemical attack or exposure to bio-chemical agents.
12. We do not cover **loss** for **custom parts or equipment** in excess of $1,000, unless the existence of those **custom parts or equipment** has been previously reported to us and an endorsement to the policy has been added.
13. There is no coverage for any liability assumed under any contract.
14. There is no coverage for any **loss** from:
    (a) The acquisition of a stolen vehicle;
    (b) Any governmental, legal, or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle;
    (c) Any confiscation, seizure, or impoundment of a vehicle by governmental authorities; or
    (d) The sale of an **owned auto**.
15. There is no coverage for the destruction, impoundment, confiscation, or seizure of a vehicle by governmental or civil authorities due to its use by **you, a relative** or permissive user of the vehicle in illegal activity.
16. Section III does not apply to any **loss** caused by:
    (a) an auto driven in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged or organized; or
    (b) The operation or use of a motor vehicle on a track designed primarily for racing or high speed driving. This does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving or any competitive driving.
17. There is no coverage under this section for any person or organization while an **owned auto** is operated, maintained or used as part of any **personal vehicle sharing** facilitated by any **personal vehicle sharing program**.
    When a **temporary substitute auto** is operated by **you**, a **relative**, or any other person with **your** permission, this exclusion does not apply. The actual use of the **temporary substitute auto** must be within the scope of that permission.
18. Section III does not apply to any vehicle, or series of vehicles, leased by **you** or a **relative** for less than six months unless the vehicle is described, and a premium charge is shown for the vehicle for this coverage, in the declarations of this policy.
19. Section III does not apply to any vehicle, or series of vehicles, regularly rented by **you** or a **relative** on a daily, weekly or monthly basis unless the vehicle is described, and a premium charge is shown for the vehicle for this coverage, in the declarations of this policy.
20. We do not cover any claim for property damage which is due in whole or in part to any intentional act which is either caused by any **insured** or is caused at the direction of any **insured**. This exclusion of coverage for property damage also applies to any damage which occurs in conjunction with any **criminal conduct** or while attempting to flee lawful arrest.

**LIMITS OF LIABILITY**

The limit of our liability for *loss*:

1. Is the *actual cash value* of the property at the time of the *loss*;

2. Will not exceed the prevailing competitive price to repair or replace the property at the time of *loss*, or any of its parts, including parts from non-original equipment manufacturers, with other of like kind and quality and will not include compensation for any diminution of value claimed to result from the *loss*. Although *you* have the right to choose any repair facility or location, the limit of liability for repair or replacement of such property is the prevailing competitive price, which is the price we can secure from a competent and conveniently located repair facility. At *your* request, we will identify a repair facility that will perform the repairs at the prevailing competitive price;

3. To a *trailer* not owned by *you* is $500;

4. For *custom parts or equipment* is limited to the *actual cash value* of the *custom parts or equipment*, not to exceed the *actual cash value* of the vehicle. However, the most we will pay for *loss* to *custom parts or equipment* is $1,000, unless the existence of those *custom parts or equipment* has been previously reported to us and an endorsement to the policy has been added.

5. Deductions for *betterment* and *depreciation* are permitted only for parts normally subject to repair and replacement during the useful life of the insured motor vehicle. Deductions for *betterment* and *depreciation* shall be limited to the lesser of an amount equal to the proportion that the expired life of the part to be repaired or replaced bears to the normal useful life of that part, or the amount which the resale value of the vehicle is increased by the repair or replacement.

**OTHER INSURANCE**

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

**CONDITIONS**

The following conditions apply only to the Physical Damage Coverages:

1. NOTICE

    As soon as possible after a *loss*, written notice must be given to us or our authorized agent stating:

    (a) The identity of the *insured*;

    (b) A description of the auto or *trailer*;

    (c) The time, place and details of the *loss*; and

    (d) The names and addresses of any witnesses.

    In case of theft, the *insured* must promptly notify the police.

    In the case of theft of the entire auto, the *insured* must promptly notify the police that the vehicle was stolen. To be eligible as a covered *loss*, the police report must acknowledge and classify the report as theft of a motor vehicle. The *insured* must cooperate fully with the police investigation, with the claim investigation, and with the prosecution of any person(s) charged with theft and any civil suit brought by us against the person(s) responsible to recover for the *loss*.

2. TWO OR MORE AUTOS

    If this policy covers two or more autos or *trailers*, the limit of coverage and any deductibles apply separately to each.

3. ASSISTANCE AND COOPERATION OF THE INSURED

    The *insured* will cooperate and assist us, if requested:

    (a) In the investigation of the *loss*;

    (b) In making settlements;

    (c) In the conduct of suits;

    (d) In enforcing any right of subrogation against any legally responsible person or organization;

    (e) At trials and hearings;

    (f) In securing and giving evidence; and

    (g) By obtaining the attendance of witnesses.

4. ACTION AGAINST US

    We cannot be sued unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

    If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding. If *you* ask us immediately after a *loss* to preserve the salvage for inspection, we will do so for a period not to exceed 30 days. *You* may purchase salvage from us if *you* wish.

5.  INSURED'S DUTIES IN EVENT OF LOSS

In the event of *loss* the *insured* will:

(a)  Protect the auto, whether or not the *loss* is covered by this policy. Further *loss* due to the *insured's* failure to protect the auto will not be covered. Reasonable expenses incurred for this protection will be paid by us.

(b)  File with us within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require.

(c)  At our request, the *insured* will exhibit the damaged property.

6.  APPRAISAL

If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

Neither we nor the *insured* waive any of our rights under this policy by agreeing to an appraisal.

7.  PAYMENT OF LOSS

We may at our option:

(a)  Pay for the *loss*; or

(b)  Repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property.

8.  NO BENEFIT TO BAILEE

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

9.  SUBROGATION

When we make a payment under this coverage we will be subrogated to all the *insured's* rights of recovery against others. After the *insured* has been fully compensated for his *loss*, we will have the right to recover up to the amount of our payment from the remaining proceeds of the settlement or judgment.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible. The *insured* will do nothing after a *loss* to prejudice these rights. The *insured* will help us to enforce these rights.

10. ASSIGNMENT

With respect to Section III, Physical Damage Coverages, an Assignment of interest under this policy will not bind us without our consent. Any nonconforming assignment shall be void and invalid. Moreover, the assignee of nonconforming assignment shall acquire no rights under this contract and we shall not recognize any such assignment.

**SECTION IV**
**Underinsured Motorists Coverage**
**Protection For You and Your Passengers For Injuries Caused By Underinsured and Hit and Run Motorists**

**DEFINITIONS**

The definitions of terms for Section I apply to Section IV, except for the following special definitions:

1.  *Accident* means an occurrence that is unexpected and unintended from the standpoint of the *insured*.

2.  *Hit-and-run vehicle* is one whose owner or operator cannot be identified and which makes physical contact with the *insured* or the vehicle which the *insured* is *occupying* at the time of the *accident*, resulting in *bodily injury* or *property damage* to an *insured*.

3.  *Insured* means:

(a)  *You*;

(b)  A *relative*;

(c)  Any other person *occupying* an *owned auto*; or

(d)  Any person who is entitled to recover because of *bodily injury* or *property damage* sustained by an *insured* under (a), (b), and (c) above.

If there is more than one *insured*, our limits of liability will not be increased.

4. **Insured auto** means:
   (a) An auto described in the declarations; and
   (b) Covered by the bodily injury and property damage liability coverages of this policy;
   (c) A **temporary substitute auto**; or
   (d) An auto operated by **you**.
5. **Phantom vehicle** means a motor vehicle which causes **bodily injury** or **property damage** to an **insured** and has no physical contact with the **insured** or the vehicle which the **insured** is **occupying** at the time of the accident.
6. **Property damage** means damage to or destruction of an **insured auto** and any property owned by an **insured** that was damaged while it was in the **insured auto** at the time of the loss. **Property damage** does not include loss of use of an **insured auto** or loss of use of property owned by an **insured** that was damaged while it was in the **insured auto** at the time of the loss.
7. **Occupying** means:
   (a) In;
   (b) Upon;
   (c) Entering into; or
   (d) Alighting from.
8. **Underinsured motor vehicle** means a land motor vehicle or **trailer**:
   (a) Which has no bodily injury and property damage liability bond or policy in effect at the time of the **accident**;
   (b) Which has a liability bond or insurance that applies at the time of the **accident** but the limits of that insurance are less than the amount the **insured** is legally entitled to recover for damages;
   (c) Whose insurer denies coverage;
   (d) Whose insurer is or becomes insolvent;
   (e) A **hit-and-run** vehicle; or
   (f) A **phantom vehicle**.
   If there is an accident involving a **phantom vehicle** the facts of the accident must be proven. We will accept competent evidence. We will not accept the testimony of the **insured** or that of any person having a claim under this coverage resulting from the accident.
   The term **Underinsured motor vehicle** does not include a vehicle or equipment:
   (a) Owned by or furnished or available for the regular use of **you** or a **relative**.
   (b) Operated on rails or crawler-treads.
   (c) Located for use as a residence or premises.
   (d) To which SECTION I-LIABILITY COVERAGES -of this policy applies. This exception to the definition of **underinsured motor vehicle** does not apply to **you** or any **relative** if **you** or any **relative** sustain damages while **occupying,** or when struck by a vehicle for which coverage under Section I of this policy applies.
9. **Bodily injury** means bodily injury, sickness, or disease, including death, sustained by **you, your relatives** or any other person **occupying** an **insured auto** with **your** consent.

**LOSSES WE WILL PAY**

We will pay the following damages an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**:

1. **Bodily injury** sustained by that **insured** and caused by a motor vehicle **accident** if entry is made in the Declarations to this policy that bodily injury Underinsured Motorists Coverage applies ; and
2. **Property damage** caused by a motor vehicle **accident** if entry is made in the Declarations to this policy that property damage Underinsured Motorists Coverage applies.
   The liability of the owner or operator for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle**.
   The amount of the **insured's** recovery for damages will be determined by agreement between the **insured** or his representative and us.
   If an **insured** reaches a tentative agreement to settle his claim against any person or organization legally responsible for his injuries, that **insured** or his legal representative should notify us of the tentative settlement and give us a reasonable opportunity to protect our recovery rights.

**EXCLUSIONS**

**When this coverage Does Not Apply**

1. There is no coverage for **bodily injury** or **property damage** sustained by an **insured** while operating or **occupying** a motorcycle or a motor-driven cycle which is not **insured** under the Liability Coverage of this policy.
2. This coverage will not benefit any workers' compensation insurer, self-insurer or an insurer under a similar disability benefits law.
3. We do not cover the United States of America or any of its Agencies as an **insured**, a third party beneficiary or otherwise.

4.  We do not cover any person while **occupying** a vehicle described in the declarations on which Underinsured Motorists coverage is not carried.

5.  There is no coverage for **bodily injury** sustained by an **insured**, while operating or **occupying** a motor vehicle owned by or available for the regular use of **you** or a **relative** and which is not **insured** under the Liability coverage of this policy.

6.  There is no coverage for **property damage** to a motor vehicle owned by or available for the regular use of **you** or a **relative** and which is not **insured** under the Liability coverage of this policy.

7.  This coverage does not apply to the first $100 ($300 if the damage is caused by a hit-and-run driver or **phantom vehicle**) of the total amount of all **property damage**.

8.  Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages assessed against an underinsured motorist.

9.  **Bodily injury** or **property damage** that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.

10. **Bodily injury** or **property damage** that results from bio-chemical attack or exposure to bio-chemical agents is not covered.

11. This coverage does not apply to any liability assumed under any contract or agreement.

12. This coverage does not apply to damage caused by an **insured's**:

    (a) participation in or preparation for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized; or

    (b) operation or use of a motor vehicle on a track designed primarily for racing or high speed driving. This does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving or any competitive driving.

13. There is no coverage under this section for any person or organization while an **owned auto** is operated, maintained or used as part of any **personal vehicle sharing** facilitated by any **personal vehicle sharing program**.

    When a **temporary substitute auto** is operated by **you**, a **relative**, or any other person with **your** permission, this exclusion does not apply. The actual use of the **temporary substitute auto** must be within the scope of that permission.

14. There is no coverage for **bodily injury** or **property damage** under this Section for any person or organization while an **owned auto** or **non-owned auto**:

    (a) is being used to carry persons or property for compensation or a fee, including but not limited to the delivery of food or any other products; or

    (b) is being used for **ride-sharing**.

    However, a vehicle used in an ordinary car pool is covered. An ordinary car pool is one where:

        (i) An **insured** receives no payment for using a vehicle for a car pool ride; or

        (ii) An **insured** receives only reimbursement for expenses for using a vehicle for a car pool ride, the reimbursement an **insured** receives for providing the car pool ride does not exceed the reasonable cost of gas and depreciation for the distance traveled, and the reimbursement received by an **insured** is not required to be reported for income tax purposes.

    This exclusion does not apply to **you** or any **relative** while a passenger and not operating the motor vehicle.

**LIMITS OF LIABILITY**

1.  The limits for "each person" is the most we will pay as damages for **bodily injury**, including those for care and loss of services, to one person in one **accident**.

2.  Subject to the limit for "each person," the limit for each **accident** is the most we will pay as damage for **bodily injury**, including those for care and loss of services, to two or more persons in one **accident**.

3.  The limit for **property damage** is the most we will pay for damages to property in one **accident**. This limit is subject to the provision of Exclusion 7.

4.  The maximum limits apply for each auto for which a premium is shown in the Policy declarations.

5.  We will pay no more than these maximums regardless of the number of:

    (a) Autos or **trailers** to which this policy applies;

    (b) **Insureds**;

    (c) Claims;

    (d) Claimants or policies; or

    (e) Vehicles involved in the **accident**.

6.  If separate policies with us are in effect for **you** or any person in **your** household, they may not be combined to increase the limit of our liability for a loss. If this policy and any other policy providing Underinsured Motorists Coverage apply to the same **loss**, the maximum limit of liability under all policies will be the highest limit of liability that applies under any one policy.

7.   Any amounts otherwise payable for damages which an *insured* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* because of *bodily injury* or *property damage* shall be reduced by all sums:
      (a)  Paid under SECTION I - LIABILITY COVERAGES of this policy;
      (b)  Paid under SECTION II - AUTO MEDICAL PAYMENTS COVERAGE of this policy; or
      (c)  Paid under Personal Injury Protection Amendment, if any, to this policy.
      The total damages will be reduced by any amount paid by or for all persons or organizations liable for the injury.
8.   We will pay, up to the limits selected, any amount of damages for *bodily injury* which the named insured is legally entitled to recover from the owner or operator of the other vehicle to the extent that those damages exceed the limits of *bodily injury* carried by the owner or the operator.
9.   When payment is made under this coverage, no payment will be made for *loss* paid to an *insured* under SECTION III - PHYSICAL DAMAGE COVERAGES-of this policy.
      If a claim is made under this coverage and under the liability coverages section of this policy, the amount payable under the bodily injury and property damage coverages will be reduced by any amounts payable to the same claimant under this coverage.
10.  For *accidents* which occur in Alaska, all court costs charged to an *insured* in a covered lawsuit, including attorney fee payments shall not exceed the amount that could be awarded in accordance with the percentage schedule contested cases as specified in Alaska Rule of Civil Procedure 82(b) (1) in a case in which a judgment equal to the liability policy limit or limits applicable to the loss rendered.

**OTHER INSURANCE**

If there is other applicable similar insurance we will pay only our share of the *loss*. Our share is the proportion that our limit of liability bears to the total of all applicable limits. If this policy and any other policy providing Underinsured Motorists Coverage apply to the same *loss*, the maximum limit of liability under all policies will be the highest limit of liability that applies under any one policy. However, any insurance we provide with respect to a vehicle *you* do not own shall be excess over any other collectible insurance.

**TRUST AGREEMENT**

When we make a payment under the coverage:
1.   We will be entitled to repayment out of any settlement or judgment the *insured* recovers from any person or organization legally responsible for the *bodily injury* or *property damage*. Our right applies only after the *insured* has been fully compensated for his loss.
2.   To the extent of our payment, the *insured* will hold in trust for our benefit all his rights of recovery against any person or organization responsible for damages. He will do whatever is necessary to secure all rights of recovery. He will do nothing after the loss to prejudice these rights.
3.   The *insured* will execute and give us all needed documents to secure his and our rights.
4.   If the payment was caused by an insolvent insurer, our right of reimbursement shall not include any rights against the insured of that insolvent insurer for any amounts that would have been paid by the insolvent insurer. We have the right to proceed directly against the insolvent insurer or its receiver. In pursuing these rights, we shall have any rights which the insured of the insolvent insurer might otherwise have had if the insured of the insolvent insurer had personally made the payment.

**CONDITIONS**
1.   NOTICE
      As soon as possible after an *accident*, notice should be given to us or our authorized agent stating:
      (a)  The identity of the *insured*;
      (b)  The time, place and details of the accident;
      (c)  The names and addresses of the injured; and
      (d)  The names and addresses of any witnesses.
      If the *insured* or his legal representative files suit before we settle under this coverage, he should immediately give us a copy of the suit papers.
2.   ADDITIONAL DUTIES
      If the *accident* involves a *hit-and-run vehicle* or *phantom vehicle*, the *insured* or someone on his behalf must:
      (a)  Notify the proper law enforcement agency within 72 hours for *accidents* involving a *phantom vehicle*,
      (b)  Promptly notify the police in all *accidents* with a *hit-and-run vehicle*;
      (c)  Claim a cause for action for damages against an unknown person; and
      (d)  Make available for our inspection, if requested, the auto occupied by the *insured* at the time of the *accident*.
3.   ASSISTANCE AND COOPERATION OF THE INSURED
      After we receive notice of a claim, we require the *insured* to take any reasonable and necessary action to preserve his recovery rights against any person or organization who may be legally responsible. If reasonable and necessary, the *insured* should make that person or organization a defendant in any action against us.

4. ACTION AGAINST US

We cannot be sued unless the *insured* or his legal representative has fully complied with all the policy terms.

5. PROOF OF CLAIM - MEDICAL REPORTS

As soon as possible, the *insured* or other person making claim shall give us written proof of claim. The proof will be under oath if we ask. The proof will include details:

(a)  Of the type and extent of injuries;

(b)  The type of treatment; and

(c)  Other facts which may affect the amount payable.

The injured person shall submit to examination by doctors of our choice and as often as we may reasonably ask. We will only pay for the cost of medical examination. Any additional cost incurred at the request of the injured person or their representative will be the responsibility of the injured person.

The *insured*, or in the event of the *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports, medical records past and current, income verification and copies of records as we may request.

6. PAYMENT OF LOSS

Any amount due is payable:

(a)  To the *insured*; or

(b)  To his authorized representative; or

(c)  To a parent or guardian if the *insured* is a minor; otherwise

(d)  To a person authorized by law to receive the payment

## SECTION V
## General Conditions
## These Conditions Apply to All Coverages in This Policy

1. TERRITORY

This policy applies only to accidents, occurrences or *losses* during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

2. PREMIUM

When you dispose of, acquire ownership of, or replace a *private passenger auto*, *farm auto* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

If the classification, sub-classification or territory of any insured auto or operator changes, we will make any needed premium adjustments as of the date of the change and in accordance with our manuals. This paragraph applies to:

(a)  Section I - Liability Coverages;

(b)  Section II - Auto Medical Payments; and

(c)  Section III - Physical Damage Coverages.

3. CHANGES

The terms and provisions of this policy cannot be waived or changed, except by an endorsement or amendment issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, *your* policy will automatically include the broader coverage when effective in *your* state.

The premium for each auto is based on the information we have in *your* file. *You* agree:

(a)  That we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.

(b)  That *you* will cooperate with us in determining if this information is correct and complete.

(c)  That *you* will notify us of any changes in this information.

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

4. ASSIGNMENT

*Your* rights and duties under this policy may not be assigned without our written consent.

If *you* die, this policy will cover *your* surviving spouse if covered under the policy prior to your death. Until the expiration of the policy term, we will also cover;

(a)  The executor or administrator of *your* estate, but only while operating an *owned auto* and while acting within the scope of his duties; and

(b)  Any person having proper temporary custody of and operating the *owned auto*, as an *insured*, until the appointment and qualification of the executor or administrator of *your* estate.

5.  CANCELLATION BY THE INSURED

*You* may cancel this policy prospectively by:

(a)  Giving us written notice by mail, fax or email;
(b)  Surrendering the policy to us; or
(c)  Giving us verbal notice.

Upon receiving notice of cancellation from *you*, we will cancel the policy the later of the date the notice is received or the date *you* request cancellation.

If *you* cancel, the return premium will be computed pro-rata.

We will not refund any unearned premium amounting to less than $2.00.

6.  CANCELLATION BY US

We may cancel this policy by mailing to *you*, at the address shown in this policy, written notice stating when the cancellation will be effective. The notice will state the reason for cancellation.

We will mail this notice:

(a)  At least 10 days in advance if the proposed cancellation is for non-payment of premium or any of its installments when due, or within the first 30 days after the contract has been in effect;
(b)  At least 20 days in advance in all other cases.

The mailing or delivery of the above notice will be sufficient proof of notice. The policy will cease to be in effect as of the date and hour stated in the notice.

When we cancel, earned premium will be computed pro-rata. Payment or tender of unearned premium is not a condition of cancellation.

Any unearned premium will be refunded to *you* as soon as possible. It will be sent no later than 30 days after the date of our notice of cancellation.

7.  CANCELLATION BY US IS LIMITED

After this policy has been in effect for 60 days or, if the policy is a renewal, effective immediately, we will not cancel unless:

(a)  *You* do not pay the initial premium on other than a renewal policy or any additional premiums for this policy to us or our agent; or
(b)  *You* fail to pay any premium installment when due to us or our agent; or
(c)  *You* or any customary operator has had his driver's license suspended or revoked during the policy period, or if a renewal, during the policy period or the 180 days immediately prior to the renewal date.

Our failure to cancel for any of the reasons above will not obligate us to renew the policy.

8.  RENEWAL

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to *you*, at the address shown in this policy, at least 20 days prior to the expiration date. The mailing or delivery of this notice by us will be sufficient proof of notice. The actual reason for nonrenewal will be included in this notice.

This policy will expire without notice if any of following conditions exist:

(a)  *You* do not pay any premium as we require to renew this policy.
(b)  *You* have informed us or our agent that *you* wish the policy to be canceled or not renewed.
(c)  *You* do not accept our offer to renew.

9.  OTHER INSURANCE

If other insurance is obtained on *your* insured auto, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance.

10. DIVIDEND PROVISION

*You* are entitled to share in a distribution of the surplus of the company as determined by its Board of Directors from time to time.

11. DECLARATIONS

By accepting this policy, *you* agree that:

(a)  The statements in *your* application and in the declarations are *your* agreements and representations;
(b)  This policy is issued in reliance upon the truth of these representations; and
(c)  This policy, along with the application and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

12. FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who intentionally conceals or misrepresents any material fact or circumstance relating to this insurance:

(a)  At the time application is made; or

(b)  At any time during the policy period; or

(c)  In connection with the presentation or settlement of a claim.

13. EXAMINATION UNDER OATH

The *insured* or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require.

14. TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of the State of Washington are amended to conform to those statutes.

15. DISPOSAL OF VEHICLE

If *you* relinquish possession of a leased vehicle or if *you* sell or relinquish ownership of an owned auto, any coverage provided by this policy for that vehicle will terminate on the date and at the time *you* do so.

16. POLICY PERIOD

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and your acceptance prior to the expiration date. Each period will begin and expire at 12:01AM local time at *your* address in the declarations.

17. CHOICE OF LAW

The policy and any amendment(s) and endorsements(s) are to be interpreted pursuant to the laws of the state of Washington.

## SECTION VI - AMENDMENTS AND ENDORSEMENTS
## SPECIAL ENDORSEMENT - UNITED STATES GOVERNMENT EMPLOYEES

A.  Under the Property Damage coverage of Section I, we provide coverage to United States Government employees, civilian or military, using:

1.  Motor vehicles owned or leased by the United States Government or any of its Agencies, or

2.  Rented motor vehicles used for United States Government business, when such use is with the permission of the United States Government. Subject to the limits described in paragraph B.  below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

B.  The following limits apply to this coverage:

1.  A $100 deductible applies to each occurrence.

2.  For vehicles described in A.1 above, our liability shall not exceed the lesser of the following:

(a)  The *actual cash value* of the property at the time of the occurrence; or

(b)  The cost to repair or replace the property, or any of its parts with other of like kind and quality; or

(c)  Two months basic pay of the *insured*; or

(d)  The limit of Property Damage liability coverage stated in the declarations.

3.  For vehicles described in A.2 above, our liability shall not exceed the lesser of the following:

(a)  The *actual cash value* of the property at the time of the occurrence; or

(b)  The cost to repair or replace the property, or any of its parts with other of like kind and quality; or

(c)  The limit of Property Damage liability coverage stated in the declarations.

This insurance is excess over other valid and collectible insurance.

W. C. E. Robinson
Secretary

Todd A. Combs
President

 **Automobile Policy Amendment**

**Policy Number:**

***Your*** policy is amended as follows:
**SECTION I Liability Coverages**
**DEFINITIONS**
The introduction sentence is revised as follows:

The words bolded and italicized in Section I of this policy are defined below.

Definition 5. ***Non-owned auto*** is revised as follows:

5.   ***Non-owned auto*** means a ***private passenger auto***, ***farm auto, utility auto*** or ***trailer*** not owned by or furnished for the regular use of either ***you*** or ***your relative***, other than a ***temporary substitute auto***. ***You*** or ***your relative*** must be using the ***non-owned auto*** or ***trailer*** within the scope of permission given by its owner. A ***private passenger auto***, ***farm auto***, ***utility auto*** or ***trailer*** rented or leased for more than 30 days will be considered as furnished for regular use. Two or more ***private passenger autos***, ***farm autos***, ***utility autos*** or ***trailers*** consecutively rented or leased, one after the other, for more than 30 consecutive days will be considered as furnished for regular use.

Definition 17. ***You*** and ***your*** is revised as follows:

17.   ***You*** and ***your*** means only the individual(s) named in the **Declarations Page** as **Named Insured** and his or her spouse or registered domestic partner if a resident of the same household. As used throughout this Policy, spouse includes a registered domestic partner or partner of a substantially similar same sex union formed in another state. ***You*** and ***your*** does not include any individual(s) named in the **Declarations Page** as:
(a) **Additional Drivers**;
(b) **Additional Driver**; or
(c) any other individual(s).

**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES** is revised as follows:
**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES**

1.   Investigative costs for services we specifically request for an ***insured.*** We do not pay fees or costs assessed against an ***insured*** pursuant to statute, court order, court rule or otherwise.

2.   Legal services provided by an attorney we retain to represent an ***insured*** and any other legal services we retain to represent an ***insured***.

3.   We only pay post-judgment interest that begins to accrue after the entry of a final judgment against an ***insured***, subject to all of the following:
(a)   We only pay post-judgment interest on that part of the judgment that is against an ***insured*** and only for those damages that are covered under this Section; and
(b)   We only pay post-judgment interest calculated on that part of the judgment against an ***insured*** that is within the applicable limit of liability under this Section. If the applicable limit of liability under this Section has been reduced by payment(s) of any other liability claims or judgments, we only pay post-judgment interest calculated on that part of the remaining applicable limit of liability under this Section; and
(c)   We only pay post-judgment interest calculated up until the time we pay, offer to pay, or deposit in court the remaining applicable limit of liability under this Section; and
(d)   We do not pay post-judgment interest if we have not been given notice of suit or the opportunity to defend the ***insured***.

4.   We pay the premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments subject to all of the following:
(a)   The amount bonded shall not exceed the applicable limit of liability under this Section. If the applicable limit of liability under this Section has been reduced by payment(s) of any other liability claims or judgments, the amount bonded shall not exceed the remaining applicable limit of liability under this Section.
(b)   The amount bonded shall only be for those damages that are covered under this Section; and
(c)   We do not pay premiums for bonds if we pay, offer to pay, or deposit in court the remaining applicable limit of liability under this Section; and
(d)   We have no duty to apply for or furnish these bonds.

5.  We will upon request by an *insured*, provide reimbursement for the following items:
    (a) An *insured's* reasonable costs, up to $500, incurred when that *insured* provides and renders first aid to others at the time of an accident involving an *owned auto* or *non-owned auto*.
    (b) An *insured's* loss of earnings up to $50 a day, but not other income, for each day an *insured* attends hearings and trials at our request.
    (c) An *insured's* other reasonable costs incurred by an *insured* at our request. This does not include fees or costs assessed against an *insured* pursuant to statute, court order, court rule or otherwise.
    (d) Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the use of an *owned auto* or *non-owned auto*, not to exceed $250 per bail bond.

## EXCLUSIONS
The following exclusion is added:
23. Section I does not apply to any motor vehicle owned by a business or corporation owned in whole or in part by *you* or a *relative* unless the motor vehicle is described, and a premium charge is shown for the motor vehicle for this coverage, in the declarations of this policy.

## CONDITIONS
The first line of 1. NOTICE is revised as follows:
As soon as possible after an occurrence, notice must be given to us or our authorized agent stating:

## SECTION II Auto Medical Payments Coverage
## EXCLUSIONS
Exclusion 1. is revised as follows:
1.  There is no coverage for *bodily injury* arising out of the ownership, maintenance, or use of any vehicle:
    (a) While being used to carry goods for hire. This includes while en route to pick up goods, while transporting goods and until the time all delivery services are concluded; or
    (b) While being used to carry passengers for compensation or a fee; or
    (c) While being used for *ride-sharing*.
    However, this exclusion will not apply to ordinary car pools. An ordinary car pool is one where:
       (i) An *insured* receives no payment for using a vehicle for a car pool ride; or
       (ii) An *insured* receives only reimbursement for expenses for using a vehicle for a car pool ride, the reimbursement an *insured* receives for providing the car pool ride does not exceed the reasonable cost of gas and depreciation for the distance traveled, and the reimbursement received by an *insured* is not required to be reported for income tax purposes.
    This exclusion does not apply to *you* or any *relative* while a passenger and not operating the motor vehicle.

## CONDITIONS
The first line of 1. NOTICE is revised as follows:
As soon as possible after an accident, notice must be given to us or our authorized agent stating:

## Section III Physical Damage Coverages
## DEFINITIONS
Definition 5. *Non-owned auto* is revised as follows:
5.  *Non-owned auto* means a *private passenger auto*, *farm auto*, *utility auto* or *trailer* not owned by or furnished for the regular use of either *you* or *your relatives*, other than a *temporary substitute auto*. *You* or *your relative* must be using the *non-owned auto* or *trailer* within the scope of permission given by its owner. A *private passenger auto*, *farm auto*, *utility auto* or *trailer* rented or leased for more than 30 days will be considered as furnished for regular use. Two or more *private passenger autos*, *farm autos*, *utility autos* or *trailers* consecutively rented or leased, one after the other, for more than 30 consecutive days will be considered as furnished for regular use.

## EXCLUSIONS
Exclusion 1. is revised as follows:
1.  There is no coverage for an auto:
    (a) While being used to carry goods for hire. This includes while en route to pick up goods, while transporting goods and until the time all delivery services are concluded; or
    (b) While being used to carry passengers for compensation or a fee; or
    (c) While being used for *ride-sharing*.

However, a vehicle used in an ordinary car pool is covered. An ordinary car pool is one where:
  (i)   An *insured* receives no payment for using a vehicle for a car pool ride; or
  (ii)  An *insured* receives only reimbursement for expenses for using a vehicle for a car pool ride, the reimbursement an *insured* receives for providing the car pool ride does not exceed the reasonable cost of gas and depreciation for the distance traveled, and the reimbursement received by an *insured* is not required to be reported for income tax purposes.

The following exclusion is added:
21. We do not cover *loss* to any motor vehicle owned by a business or corporation owned in whole or in part by *you* or a *relative* unless the motor vehicle is described, and a premium charge is shown for the motor vehicle for this coverage, in the declarations of this policy.

**CONDITIONS**
The first line of 1. NOTICE is revised as follows:
As soon as possible after *loss*, notice must be given to us or our authorized agent stating:

**SECTION IV Underinsured Motorists Coverage**
**EXCLUSIONS**
Exclusion 14. is revised as follows:
14. There is no coverage for *bodily injury* or *property damage* under this Section for any person or organization while any vehicle:
  (a)  Is being used to carry goods for hire. This includes while en route to pick up goods, while transporting goods and until the time all delivery services are concluded; or
  (b)  Is being used to carry passengers for compensation or a fee; or
  (c)  Is being used for *ride-sharing*.
  However, a vehicle used in an ordinary car pool is covered. An ordinary car pool is one where:
    (i)   An *insured* receives no payment for using a vehicle for a car pool ride; or
    (ii)  An *insured* receives only reimbursement for expenses for using a vehicle for a car pool ride, the reimbursement an *insured* receives for providing the car pool ride does not exceed the reasonable cost of gas and depreciation for the distance traveled, and the reimbursement received by an *insured* is not required to be reported for income tax purposes.
  This exclusion does not apply to *you* or any *relative* while a passenger and not operating the motor vehicle.

**CONDITIONS**
The first line of 1. NOTICE is revised as follows:
As soon as possible after an *accident*, notice should be given to us or our authorized agent stating:

**SECTION V General Conditions**
The following is added to the beginning of this Section:

**DEFINITIONS**
The definitions of the terms under Section I also apply to Section V.

10. DIVIDEND PROVISION is revised as follows:
*You* may be entitled to share in a distribution of the surplus of the company as determined by its Board of Directors from time to time.

16. POLICY PERIOD is revised as follows:
Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and *your* acceptance by payment of the required renewal premium prior to the expiration date. Each period will begin and expire as stated in the declarations.



Policy Number:

The policy contract, Declarations, and any amendments or endorsements issued to form a part thereof, completes the policy.

**In Witness Whereof**, the company has caused this Policy to be executed and attested.

W. C. E. Robinson
Secretary

Todd A. Combs
President